IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEPHANIE KAYLOR-TRENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-3332 |
| | ) | |
| JOHN C. BONEWICZ, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion for Judgment on the Pleadings (Motion) filed by Defendant John C. Bonewicz, P.C. (d/e 8).  Defendant asks the Court to enter judgment against Defendant and in favor of Plaintiff, Stephanie Kaylor-Trent, on liability.  Defendant also asks, however, that the Court find Plaintiff is not entitled to damages.

Defendant's Motion is GRANTED IN PART and DENIED IN PART.  The Court will enter judgment in favor of Plaintiff and against Defendant on liability.  However, the Court will not enter judgment in favor of Defendant and against Plaintiff on damages.  Plaintiff has alleged a plausible claim for statutory damages.

**I.  FACTS**

In August 2011, Plaintiff filed suit against Defendant pursuant to the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.), alleging violations of various sections of the FDCPA. See 15 U.S.C. §1692(d)(providing that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"); 15 U.S.C. §1692d(6) (providing that "the placement of telephone calls without meaningful disclosure of the caller's identity" is a violation of § 1692d[1]); 15 U.S.C. §1692(e) (providing that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"); 15 U.S.C. §1692(e)(10) (providing that it is a violation for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer); 15 U.S.C. §1692(e)(11) (providing that it is a violation for a debt collector to fail "to disclose in subsequent communications that the communication is from a debt collector"). Plaintiff alleges that in June 2011, Defendant, in an attempt to collect a consumer debt from Plaintiff, began placing collection calls to Plaintiff on her cell phone. ¶

---

[1] Section 1692d provides, in its entirety: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity" constitutes a violation. Section 1692b addresses the requirements of a debt collector when communicating with any person other than the consumer for purposes of acquiring location information about the consumer.

12.  Defendant left a message on Plaintiff's cell phone that failed to properly identify the caller' s identity and failed to disclose that the communication was from a debt collector.   Cmplt. ¶¶ 14, 15.

Plaintiff seeks statutory damages of $1,000.  Cmplt. ¶ 17.  Plaintiff also seeks to recover costs, reasonable attorney fees, and such further relief that the Court deems appropriate.  Cmplt. ¶¶ 18, 19.  Plaintiff demands a jury trial.

In October 2011, Defendant filed an answer admitting that Defendant left a message on Plaintiff's cell phone that failed to properly identify the caller's identity and failed to disclose that the communication was from a debt collector. Defendant further admitted that Defendant violated § 1692d(6) and § 1692e(11) of the FDCPA but denied that Defendant violated §1692d, § 1692e, and §1692e(10). Defendant denied Plaintiff was entitled to statutory damages, costs,  attorney fees, or any other relief.

Defendant also filed the Motion for Judgment on the Pleadings at issue herein.  In the Motion, Defendant admits that leaving a voicemail on Plaintiff's answering machine that failed to identify the caller's identity and status as debt collector constituted a "technical violation" of the FDCPA.  Defendant asserts, however, that "[o]ne simple error, which caused no harm to Plaintiff, should not [be] sufficient to grant Plaintiff a windfall of damages."  Defendant therefore

moves the Court to enter judgment in favor of Plaintiff on liability but to decline to award damages to Plaintiff.

Plaintiff agrees that judgment should be entered in her favor regarding liability. Plaintiff argues, however, that the issue of damages is not ripe and that Plaintiff should be afforded an opportunity to conduct discovery in this case to provide further support of Plaintiff's damages. Plaintiff also disputes Defendant's characterization of the violation as a "technical violation," noting that a survey of cases cited on PACER reveals Defendant has a history and pattern of repeated violations of the FDCPA. Plaintiff attaches as exhibits copies of the complaints filed against Defendant in various federal courts.[2]

## II. JURISDICTION AND VENUE

Plaintiff brought a claim under the FDCPA, and this Court has jurisdiction over this claims pursuant to 28 U.S.C. § 1331. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

---

[2] Because the Court can decide the Motion without regard to the exhibits, the Court does not decide whether evidence of Defendant's conduct relating to other debtors is relevant to determining the amount of statutory damages. Compare Donnelly v. NCO Financial Systems, Inc., 263 F.R.D. 500, 506 (N.D. Ill. 2009) (in an individual action under the FDCPA– as opposed to a class action–a court does not look at the debt collector's practices regarding persons other than the plaintiff when determining the frequency and persistence of noncompliance) (citations omitted), objections overruled by 2010 WL 308975 (N.D. Ill. 2010), with Yancey v. Hooten, 180 F.R.D. 203, 208 (D. Conn. 1998) (compelling discovery of debt collector's records relating to debtors other than plaintiff).

Constitution, laws, or treaties of the United States"); see also 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction"). Venue is proper because the events giving rise to the claim occurred in Ursa, Illinois. See 28 U.S.C. § 1391(b) (a civil action where jurisdiction is not founded solely on diversity of citizenship may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." All Amer. Inc. Co. v. Broeren Russo Const., Inc., 112 F.Supp.2d 723, 728 (C.D. Ill. 2000) (internal quotations omitted). Rule 12(c) permits judgment based on the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).

The court may also "take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from the prior proceedings." Hernandez ex rel. Gonzalez v. Tapia, 2010 WL 5232942, at *3 (N.D. Ill. 2010).

"A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss." Medeiros v. Client Services, Inc., 2010 WL 3283050, at *1 (N.D. Ill. 2010), citing Piscotta v. Old Nat'l Bancorp, 499 F.3d 629, 633 (7th Cir.2007). That is, the "complaint must allege sufficient facts which–accepted as true–state a claim to relief that is facially plausible." Elliot v. Price, 2011 WL 3439240, at *2 (S. D. Ill. 2011). Moreover, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. Midwest Gas Services, Inc. v. Indiana Gas Co., Inc., 317 F.3d 703, 709 (7th Cir. 2003).

### IV. ANALYSIS

Defendant is not entitled to judgment on the pleadings on damages because Plaintiff has stated a plausible claim for statutory damages.

The FDCPA was enacted by Congress "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection

abuses." Jenkins v. Heintz, 25 F.3d 536, 538 (7th Cir. 1994) (quoting 15 U.S.C. § 1692(e)), aff'd 514 U.S. 291 (1995). A debt collector who fails to comply with any provision of the FDCPA is liable for:

> **(1)** any actual damage sustained by such person as a result of such failure;
>
> **(2)(A)** in the case of any action by an individual, such additional damages[3] as the court may allow, but not exceeding $1,000; or
>
> **(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a). Unlike some Circuits, the Seventh Circuit does not allow a plaintiff to obtain attorney fees and costs unless the plaintiff recovers either actual

---

[3] Courts refer to the "additional damages" not exceeding $1,000 as "statutory damages." See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1619 (2010) (referring to "additional damages" as "statutory additional damages" and "statutory damages").

or statutory damages.  Compare Dechert v. Cadle Co., 441 F.3d 474, 475 (7th Cir. 2006) with Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989) (holding that the FDCPA required an award of costs and reasonable attorney fees even where the plaintiff was not awarded actual or statutory damages).

Here, Plaintiff seeks statutory damages, as well as reasonable attorney fees and costs.  See Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998) ("The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages"); Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997) (plaintiff seeking only statutory damages did not have to prove that the recipient of the letter was misled; "All that is required is proof that the statute was violated").  The factors relevant to determine whether a plaintiff in an individual action – as opposed to a class action– is entitled to statutory damages include:  (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of the noncompliance, and (3) the extent to which the noncompliance was intentional.[4] 15 U.S.C. § 1692k(b)(1); Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, 243 F.3d 1086, 1089 (7th Cir. 2001).

Defendant essentially argues that statutory damages in any amount are

---

[4] Section 1692k(b)(2) provides the factors to consider when determining statutory damages in a class action.  In class actions, two additional factors are considered: the resources of the debt collector and the number of persons adversely affected.  See 15 U.S.C. § 1692k(b)(2).

inappropriate for the single, technical violation at issue in the lawsuit. While some courts have so held, others have awarded damages between $1 and higher for single violations. See, e.g., Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman, 408 F.3d 989, 994 (8th Cir. 2005) (noting that some courts refuse to award statutory damages for de minimus or technical violations and affirming the district court's decision not to award statutory violations for a "minor" violation); Branco v. Credit Collection Services Inc., 2011 WL 3684503, at *13 (E.D. Cal. 2011) (finding that although the defendant technically violated the FDCPA, the conduct did not amount to an intent to harass or abuse; therefore, the court awarded the plaintiff $1 in statutory damages); Dona v. Midland Credit Management, Inc., 2011 WL 941204, at *3 (E.D.N.Y. 2011) (awarding $500 in statutory damages for single violation on a default judgment; defendant left a message on the plaintiff's answering machine without indicating that the call was from a debt collector for the purposes of collecting a debt), report and recommendation adopted by 2011 WL 939724 (E.D.N.Y. 2011) Nero v. Law Office of Sam Streeter, P.L.L.C., 655 F.Supp.2d 200, 210 (E.D.N.Y. 2009) (awarding $500 in statutory damages on a default judgment wherein the defendant failed to inform the plaintiff that she was required to request validation of the debt in writing to preserve her rights). Moreover, Plaintiff is entitled to a jury determination on this issue, and a jury may

not agree with Defendant's characterization of the violation as merely "technical." See Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893, 895 (7th Cir. 1998) (finding that a plaintiff is entitled to a "trial by jury in determining statutory additional damages under the FDCPA").

## V.  CONCLUSION

For the reasons stated, Defendant's Motion for Judgment on the Pleadings (d/e 8) is GRANTED IN PART and DENIED IN PART.  Judgment is entered in favor of Plaintiff and against Defendant on liability.  The issue of damages remains.  This matter is referred to Magistrate Judge Byron G. Cudmore for further pretrial proceedings.

ENTER: January 4, 2012

FOR THE COURT:

                s/Sue E. Myerscough
                SUE E. MYERSCOUGH
             UNITED STATES DISTRICT JUDGE