E-FILED
Friday, 02 November, 2012  03:21:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEPHANIE KAYLOR-TRENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  11-3332 |
| | ) |
| JOHN C. BONEWICZ, P.C., | ) |
| | ) |
| Defendant. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This Court conducted a bench trial on October 30, 2012 on the issue of statutory damages.  For the reasons that follow, statutory damages in the amount of $1,000 are awarded in favor of Plaintiff, Stephanie Kaylor-Trent and against Defendant John C. Bonewicz, P.C.

I.  FACTS

In August 2011, Plaintiff filed suit against Defendant pursuant to the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.).  Plaintiff alleged that Defendant violated various sections of the FDCPA, including 15 U.S.C. §1692d(6) (providing that "the placement

of telephone calls without meaningful disclosure of the caller's identity" is a violation of § 1692d[1]) and 15 U.S.C. §1692e(11) (providing that it is a violation for a debt collector to fail "to disclose in subsequent communications that the communication is from a debt collector"). Plaintiff sought statutory damages of $1,000, as well as costs and attorney fees.

Defendant admitted violating the FDCPA by leaving a message on Plaintiff's cell phone that failed to properly identify the caller's identity and failed to disclose that the communication was from a debt collector. See Answer, ¶¶ 14, 15 (d/e 7).  However, Defendant filed a Motion for Judgment on the Pleadings (d/e 8) asking that the Court enter judgment in favor of Plaintiff on liability but deny Plaintiff any statutory damages.

This Court granted Defendant's request that the Court enter judgment against Defendant and in favor of Plaintiff on liability but

---

[1] Section 1692d provides, in its entirety: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity" constitutes a violation.  Section 1692b addresses the requirements of a debt collector when communicating with any person other than the consumer for purposes of acquiring location information about the consumer.

denied the request that the Court find Plaintiff was not entitled to any damages. See Opinion (d/e 10). Instead, the Court found that Plaintiff stated a plausible claim for statutory damages. See Opinion (d/e 10).

Thereafter, Plaintiff waived her jury demand and, on October 30, 2012, the matter proceeded to a bench trial on statutory damages.

The parties stipulated that Defendant's collector left one voice mail message for Plaintiff which violated the FDCPA. See Pre-Trial Order (d/e 21). The message in question provided as follows:

> Ms. Trent, you need to contact this office by the end of business day, today, in regards to this matter, the number is 224-534-8030, extension number is 123. I will be here till 07:00 PM.

See Trial Exhibit 1. Plaintiff received other voice messages from Defendant. In all the other voice messages Plaintiff received from Defendant, Defendant identified itself and stated it was a debt collector. See Pre-Trial Order (d/e 21).

At trial, Plaintiff testified that when she received the message in question, she felt worried and intimidated. She did not know who the call was from or what the call was about. Plaintiff thought the caller

sounded demanding.  Plaintiff did not feel that way about the messages she received from Defendant that identified the caller and indicated that the communication was from a debt collector because she knew why the person was calling.

Although Defendant admitted one of its collectors left the message, the identity of the collector was not established.  Two collectors worked on Plaintiff's file during the relevant time: Shantel Hamilton and Jose Rodriguez a/k/a Mike Rivers.  Plaintiff played the recording of the message in Court (see Plaintiff's Trial Exhibit A) and the voice on the recording is a male voice.

In any event, Plaintiff submitted as evidence the deposition transcripts of John C. Bonewicz (the president of Defendant) and Shantel Hamilton, one of the collectors who worked on Plaintiff's file.   In the depositions, Bonewicz and Hamilton testified about the training provided to collectors, including training regarding the FDCPA.  Hamilton Dep., pp. 31-38, 50-51 (including training upon employment, continuing education, and managers monitored calls while the calls were being

made); Bonewicz Dep., p. 24.

Bonewicz also testified that neither Hamilton nor Rivers received a written reprimand because Bonewicz could not determine which one left the message. Bonewicz Dep., p. 74-75. He did, however, meet with both of them to remind them of the FDCPA requirements. Bonewicz Dep., p. 72- 74.

The parties submitted a joint exhibit, Exhibit 2, which is the October 19, 2009 Office Policy Memo on leaving voice messages. The Office Policy Memo directs collectors leaving a voice message to include the following information in the message:

> This message is for (name of debtor). This is (state your name) from the Law Offices of John C. Bonewicz and this is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me at 800-700-2106.

Trial Exhibit 2.

Finally, Plaintiff submitted, over objection, copies of complaints from seven lawsuits brought by other individuals against Defendant which alleged Defendant violated the FDCPA. See Exhibit 3 (complaint

alleging that in 2009, Defendant's collector left three voice mail messages that failed to state the purpose of the call in violation of, among other provisions, § 1692e(11) and § 1692d(6)); Exhibit 4 (complaint filed in September 2011 alleging that Defendant's collector failed to disclose that the calls were from a debt collector); Exhibit 5 (complaint alleging that in September through December 2010, Defendant's collector left messages that did not identify Defendant); Exhibit 6 (complaint alleging that between October 2009 through February 2010, Defendant's collector left voice messages that failed to meaningfully disclose Defendant's identity and failed to state the communication was from a debt collector); Exhibit 7 (complaint alleging that in July and August 2010, Defendant's collectors left phone messages that failed to identify who was calling or state that the caller was a debt collector); Exhibit 8 (complaint filed in December 2011 alleging that Defendant left messages that failed to identify that the calls were from a debt collector); and Exhibit 9 (complaint alleging that in August 2011, Defendant left phone messages that failed to disclose that the communication was from a debt collector).

The Court admitted Exhibits 3 through 9 solely on the issue of Defendant's intent.

Defendant presented no evidence (other than the Joint Exhibit) and called no witnesses. Defendant did not raise a bona fide error defense.

Plaintiff seeks the full $1,000 in statutory damages, arguing that Defendant was aware that collectors were leaving messages that failed to identify the caller's identity or that the communication was from a debt collector. Defendant argues that no statutory damages should be awarded because it was a single violation that caused no harm.

## II.  ANALYSIS

The FDCPA was enacted by Congress "'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.'" Jenkins v. Heintz, 25 F.3d 536, 538 (7th Cir. 1994) (quoting 15 U.S.C. § 1692(e)), aff'd 514 U.S. 291 (1995).  A debt collector who fails to comply with any

provision of the FDCPA is liable for:

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages[2] as the court may allow, but not exceeding $1,000;
>
> * * *
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a). The statute sets forth the factors to be considered when determining the amount of liability in an individual action:[3] (1) the frequency and persistence of noncompliance by the debt collector; (2) the

---

[2] Courts refer to the "additional damages" not exceeding $1,000 as "statutory damages." See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1619 (2010) (referring to "additional damages" as "statutory additional damages" and "statutory damages").

[3] Section 1692k(b)(2) provides the factors to consider when determining statutory damages in a class action. In class actions, two additional factors are considered: the resources of the debt collector and the number of persons adversely affected. See 15 U.S.C. § 1692k(b)(2).

nature of such noncompliance, and (3) the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1); see also Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, 243 F.3d 1086, 1089 (7th Cir. 2001).

"To obtain statutory damages, a plaintiff need prove only that the debt collector violated the statute." Borcherding-Dittloff v. Transworld Sys. Inc., 58 F. Supp. 2d 1006, 1011-12 (W.D. Wis. 1999). It is within the Court's discretion whether to award statutory damages and in what amount. Barlett v. Heible, 128 F.3d 497, 499 (7th Cir. 1997) ("All that is required is proof that the statute was violated, although even then it is within the district court's discretion to decide whether and if so how much to award").

Examining each of the relevant factors here, the Court finds that statutory damages in the amount of $1,000 is appropriate.

Under the first prong–the frequency and persistence of noncompliance by the debt collector–the Court notes that only one message to Plaintiff violated the FDCPA. However, that message

violated the FDCPA in two ways – by failing to property identify the caller's identity and failing to disclose that the communication was from a debt collector.  See 15 U.S.C. § 1692d(6); § 1692e(11).

The second factor, the nature of the noncompliance, weighs heavily in favor of statutory damages.  The tone of the call was intimidating and demanding.  See Plaintiff's Trial Exhibit A (audio recording of the message).  In fact, Plaintiff testified that she felt intimidated by the message.  But see Hill v. Priority Financial Serv. Inc., 2001 WL 1155152, at *7 (S.D. Ind. 2001) ("Plaintiff may be entitled to damages under the FDCPA regardless of actual harm").

Finally, the noncompliance was not the product of a mistake but was intentional.  The Court admitted evidence of other lawsuits against Defendant (Exhibits 3 through 9) as relevant to show Defendant's intent.  See Fed. R. Evid. 404(b) (providing that evidence of other acts may be admissible to show intent and absence of mistake); see also McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 953 (9th Cir. 2011) (finding the district court did not abuse its discretion by admitting

testimony by two individuals concerning their experiences of being sued by the defendant because the evidence was relevant to show "intent, absence of mistake, malice, willfulness and reprehensibility").

The Court recognizes that Exhibits 3 through 9 are Complaints, which do not prove that Defendant violated the FDCPA on other occasions.  However, the Court finds relevant that other individuals claimed Defendant committed the same violations against them around the same general time period of the violations herein.  This tends to show that despite the Office Policy Memo and training, Defendant was at least aware that Defendant's collectors allegedly had continued to leave phone messages that failed to comply with the FDCPA.  This Court also finds incredible Bonewicz's testimony that he could not determine which collector left the message in question, given that Hamilton is female and Rivers is male and the voice on the recording is a male voice.  The Court finds that the message left in this case was not the product of a mistake but was intentional.

Given the three factors, and to encourage future compliance with

the FDCPA, an award of statutory damages in the amount of $1,000 is appropriate.  See, e.g., Francis v. Snyder, 2006 WL 1236052, at *2 (N.D. Ill. 2006) (awarding $1,000 in statutory damages to encourage future compliance with the FDCPA).

### III.  CONCLUSION

For the reasons stated, the Court awards Plaintiff $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  Because Plaintiff has brought a successful action under the FDCPA, she is entitled to an award of reasonable attorney fees and costs.  15 U.S.C. § 1692k(a)(3).  At the bench trial, this Court granted Plaintiff 14 days from October 30, 2012 to file a request for attorney fees and costs in the event statutory damages were awarded.  Defendant is granted 7 days thereafter to file any objections.

ENTER: November 2, 2012

FOR THE COURT:

s/Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE