## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEPHANIE KAYLOR-TRENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-03332-SEM-BGC |
| | ) | |
| JOHN C. BONEWICZ, P.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR ENTRY OF SATISFACTION OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 69

Defendant, John C. Bonewicz, P.C., by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 69, hereby moves the Court to enter a satisfaction of judgment and in support of which, states as follows:

### APPLICABLE RULE

Rule 69 of the Federal Rules of Civil Procedure provides procedures for the enforcement of a money judgment entered in federal court. This rule provides in pertinent part that:

* * *

The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held

* * *

We must accordingly look to the law of Illinois, which does indeed provide the solution, via statute, for the problem presented in this case. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 873 (7th Cir. Wis. 1983) (applying Wisconsin state law to determine

whether the judgment debtor was entitled to an entry of satisfaction on the federal docket).

In Illinois, if the judgment creditor, or legal representative to whom tender has been made of all sums of money due him or her from the judgment creditor, willfully fails or refuses at the request of the judgment debtor or his or her legal representative to execute and deliver to the judgment debtor an instrument in writing releasing such judgment, the judgment debtor may petition the court in which  such judgment is of record, the court shall enter an order satisfying the judgment and releasing all liens based on the judgment. 735 ILCS 5/12-183.

## ARGUMENT

### I.    Plaintiff's legal representative refuses to execute and deliver to Defendant an instrument in writing releasing the judgment and the court must enter an order satisfying the judgment and releasing all liens.

Defendant is entitled to an order satisfying the judgment and releasing all liens as Plaintiff because Defendant has made full payment on the judgment.  On October 15, 2012, Plaintiff judgment was entered in favor of CACH, LLC and against Stephanie Kaylor Trent in the Circuit Court for the 8th Judicial District Adams County, Illinois ("State Court"), Case Number 12 SC 1182, in the amount of $7,191.81. On January 21, 2013, CACH, LLC served John C. Bonewicz, P.C. with a citation to discover assets issued by CACH, LLC.  *See*, Copy of Citation & Proof of Service, Exhibit B and C, respectively. With interest, the balance of the judgment owed by Plaintiff to CACH was $7,346.08. *See*, Exhibit B. On January 24, 2013, Defendant mailed a check to Plaintiff's Counsel in the amount of $4,287.96, the

difference between the judgment in the Federal Case and the amount frozen by the State Court. *See*, Copy of Checks, Exhibit D. Defendant answered the citation issued by the State Court stating that it was indebted to Plaintiff in the amount of $11,634.05 pursuant to the Clerk's entry of judgment in this matter on January 10, 2013. *See*, Answer to Citation, Exhibit E.

On January 28, 2013, Plaintiff did not appear at the citation hearing despite being sent notice of the hearing. The State Court directed and ordered Defendant to turn over the sum of $7,346.08 to CACH, LLC on behalf of Plaintiff. *See*, State Court Order Dated 1/28/13, Exhibit F. On January 28, 2013, Defendant transferred the amount of $7,346.08 to CACH, LLC. *See*, Copy of Checks, Exhibit D.

The Illinois trial court has broad powers to compel the application of discovered assets or income to satisfy a judgment, as long as the judgment debtor would have the right to recover such assets from the third party. *See* 735 ILCS 5/2-1402(c)(3) (the court may "[c]ompel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment"); *Eclipse Manufacturing Co. v. U.S. Compliance Co.,* 381 Ill. App. 3d 127, 133 (2007); *Mid-American Elevator Co. v. Norcon, Inc.*, 287 Ill. App. 3d 582, 587 (1996). In this case, the trial court, pursuant to its well established authority, ordered Defendant to pay part the funds owed by Defendant to Plaintiff to another party. Defendant then paid the additional funds to Plaintiff. Accordingly, Defendant has paid to and on behalf of Stephanie Kaylor Trent the total amount of $11,634.05, which fully satisfies its indebtedness to Plaintiff pursuant to the judgment rendered

by the Court in this case. Nonetheless, Plaintiff has objected, on the record, to entry

of an order satisfying or vacating the judgment and continues to demand funds from

Defendant.  As Plaintiff has refused to execute and deliver to Defendant a release of

judgment despite the fact that full payment has been made, the Court must enter

an order satisfying the judgment and releasing all liens based on the judgment

pursuant to 735 ILCS 5/12-183.

WHEREFORE, Defendant, John C. Bonewicz, P.C., respectfully requests this

Court enter an order satisfying the judgment and releasing all liens based thereon.

Respectfully Submitted,

**JOHN C. BONEWICZ, P.C**

**By:**  /s/ Nicole M. Strickler
Attorney # 6298459
Attorney for Defendants
Messer & Stilp, Ltd.,
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (Fax)
strickler@messerstilp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2013, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

Adam T. Hill
Attorney for Plaintiff
Krohn & Moss, Ltd.
10 N. Dearborn Street
3rd Floor
Chicago, IL 60602

/s/ Nicole M. Strickler
Attorney # 6298459
Attorney for Defendant
Messer & Stilp, Ltd.
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (Fax)
strickler@messerstilp.com