IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEPHANIE KAYLOR-TRENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  11-3332 |
| ) | |
| JOHN C. BONEWICZ, P.C., ) | |
| ) | |
| Defendant. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Plaintiff Stephanie Kaylor-Trent's Motion for Writ of Execution (d/e 42) and Defendant John C. Bonewicz, P.C.'s Motion for Entry of Satisfaction of Judgment Pursuant to Federal Rule of Civil Procedure 69 (d/e 41).  The motions are hereby taken under advisement.

Bonewicz is entitled to credit toward the federal judgment for the $7,346.08 turned over on Kaylor-Trent's behalf to a third-party creditor pursuant to a state court order.  However, the parties shall file supplemental briefs addressing the one cent discrepancy in the amount

paid by Bonewicz and the amount of the judgment, whether any interest is owed on the judgment, and the type of relief the Court has the power to grant Bonewicz in the event the Court finds the judgment satisfied.

## I.  BACKGROUND

On January 10, 2013, judgment was entered in favor of Kaylor-Trent and against Bonewicz.  See Judgment in a Civil Case (d/e 36).  The judgment consisted of $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), $9,700 in attorney's fees[1], and $934.05 in costs, for a total judgment of $11,634.05.

On January 29, 2013, Bonewicz filed a Motion to Vacate Judgment

---

[1] Under the Fair Debt Collection Practices Act (FDCPA), attorney's fees are awarded to the plaintiff.  See 15 U.S.C. § 1692k(a)(3) (providing that a "debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"); Scott v. Niagara Credit Solutions, Inc., 2012 WL 729755, at *3 (W.D. N.Y. 2012) (finding the defendant properly made the check for attorney's fees payable to the plaintiff and not her attorney because the plain language of the FDCPA made the defendant liable to the plaintiff, not her attorneys); Brown v. Phoenix Recovery Group, 2009 WL 4907302, at *2 n. 5 (N.D. Tex. 2009) (attorney's fees and costs under the FDCPA are payable to the plaintiff, not her attorney); see also, e.g., Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010) (interpreting the prevailing party language in 28 U.S.C. § 2412(d) (the Equal Access to Justice Act) as providing for payment to the litigant, not the litigant's attorney, and finding that the award was subject to a Government offset to satisfy the pre-existing debt that the litigant owed to the United States).

Pursuant to Rule 60(b)(3) (d/e 37). On February 14, 2013, this Court denied the motion.

Thereafter, the parties filed the motions at issue herein. As reflected in the motions, the parties dispute whether Bonewicz paid the judgment in full when Bonewicz turned over $7,346.08 in response to a third-party citation to discover assets in state court and paid $4,287.96 directly to Kaylor-Trent through her counsel, which totals $11,634.04.

The parties' motions, memoranda, and attachments thereto reflect that on October 15, 2012, judgment in the amount of $7,191.81 was entered in favor of CACH, LLC (CACH) and against Kaylor-Trent in the Circuit Court of the 8th Judicial District, Adams County, Case No. 12-SC-1182. (This Court has also verified this information by checking the Adams County Circuit Clerk's on-line docket information.) On January 18, 2013, CACH served Bonewicz with a third-party citation to discover asserts. See Exhibit B to Motion for Entry of Satisfaction of Judgment; Citation to Discover Assets to a Third Party and Citation Notice (d/e 41-1); Exhibit C, Affidavit of Service (d/e 41-2). With interest, the balance

of the judgment owed by Kaylor-Trent to CACH was $7,346.08.

The citation asked Bonewicz to indicate whether it held in its possession, custody, or control any personal property or monies belonging to the judgment debtor (Kaylor-Trent). The citation further indicated that a hearing was scheduled for January 28, 2013. Although Kaylor-Trent asserts in her Response that nothing shows she was ever provided notice of CACH's citation to discovery assets (see Plaintiff's Resp. p. 1 n. 1 (d/e 43)), the Affidavit of Service reflects that a copy of the citation was mailed to Kaylor-Trent. See Exhibit C, Affidavit of Service (d/e 41-2).

On January 25, 2013, Bonewicz answered the citation. See Exhibit E (d/e 41-4). Bonewicz indicated that it held funds belonging to Kaylor-Trent in the amount of $11,634.05. The answer further indicated a copy of the answer was sent to Kaylor-Trent.

On January 28, 2013, Adams County Judge William O. Mays, Jr. entered an Order. The Order entered judgment in the amount of $7,346.08 against Bonewicz and in favor of Kaylor-Trent "f/u/o$^2$ CACH,

---

$^2$ F/U/O means "for the use of." See, e.g. United States v. Orr Const. Co., 560 F.2d 765 (7th Cir. 1977) (caption noting that the United States brought the action

LLC." See Exhibit 5, Order (d/e 41-5).  Judge Mays ordered Bonewicz to "turn over funds of the defendant [(Kaylor-Trent)] that it is currently holding pursuant to a served Citation in the amount of $7,346.08" and that "said funds shall be turned over to the plaintiff [(CACH)] through its attorneys[.]" Id.

## II.  ANALYSIS

In the Motion for Entry of Satisfaction of Judgment, Bonewicz asserts that it has paid in full the judgment at issue in this federal case by: (1) sending a check to Kaylor-Trent's counsel in the amount of $4,287.96 on January 24, 2013; and (2) by sending a check in the amount of $7,346.08 on January 29, 2013, pursuant to a state court order, to Kaylor-Trent's judgment creditor, CACH. (However, the amount Bonewicz paid totals $11,634.04, not $11,634.05 which is the amount of the judgment.)

In her Motion for Issuance of Writ of Execution, Kaylor-Trent asserts that Bonewicz's payment in full was due no later than January 24,

---

for the use of Great Lakes Plumbing & Heating Co. against Orr Construction Co.).

2013, pursuant to Federal Rule of Civil Procedure 62.  See Fed.R.Civ.P. 62 (providing that execution may not issue on a judgment until 14 days have passed after its entry).  According to Kaylor-Trent, Bonewicz placed two checks in the mail on January 24, 2013: one in the amount of $1,000 for Kaylor-Trent's statutory damages and one in the amount of $3,287.96 for a portion of the reasonable attorney's fees and costs incurred.  Kaylor-Trent asserts that this leaves a balance of $7,346.09.  Kaylor-Trent asks the Court to issue a writ of execution for the remaining balance on the judgment and the accrued interest thereon.  Kaylor-Trent asserts in response to Bonewicz's motion that the judgment in this case cannot be satisfied through Bonewicz's "unilateral decision to pay off a judgment that was allegedly owed by [Kaylor-Trent] in another case."  Pl. Resp. p. 3 (d/e 43).

     Neither party cites a case entirely on point, nor could this Court find one.  However, under Illinois law, a judgment creditor can serve a citation to discovery assets on a third party that the judgment creditor believes is indebted to the judgment debtor.  See 735 ILCS 5/2-1402(a)

(allowing a judgment creditor to "prosecute supplementary proceedings for the purpose of examining the judgment debtor <u>or any other person</u> to discover assets or income of the debtor not exempt from the enforcement of the judgment") (emphasis added); Ill. S. Ct. R. 277(a) (a supplementary proceeding may be brought against "the judgment debtor <u>or any third party the judgment creditor believes has property of or is indebted to the judgment debtor</u>") (emphasis added).  If non-exempt assets are identified, the court may compel the third party to deliver the assets to be applied in satisfaction of the judgment, so long as the assets are held "under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement."  735 ILCS 5/2-1402(c)(3); <u>see also</u> <u>Carpenters Fringe Benefit Funds of Ill. v. Royal Builders</u>, 2008 WL 4876856, at *1 (N.D. Ill. June 6, 2008) (applying Illinois law and ordering the third party to turn over amounts that were due and owed to the defendant by the third party).

Because Bonewicz was ordered by the state court to turn over a

portion of the funds it owed to Kaylor-Trent, Bonewicz should receive credit for that payment and not have to pay that sum again. The act of Bonewicz turning over that sum satisfied the debt Kaylor-Trent owed to her creditor. Therefore, Kaylor-Trent essentially received that money.

The Court cannot tell from this record, however, whether paying the sum of $7,346.08, as reflected by Bonewicz's payment to Kaylor-Trent "f/u/o CACH, L.L.C." (see state court Order, d/e 41-5), and the additional payment of $ 4,287.96 satisfied the entire debt Bonewicz owed to Kaylor-Trent. For one thing, that leaves one cent unpaid because $7,346.08 plus $4,287.96 totals $11,634.04 but the judgment was for $11,634.05. See Judgment (d/e 36).

Moreover, the parties have not specifically addressed whether any interest accrued. See 28 U.S.C. § 1961(a) (providing that interest is calculated from the date of the entry of the judgment); Fed.R.Civ.P. 62(a) (no execution may issue on a judgment until 14 days have passed after its entry). Finally, the parties have not specifically addressed what relief this Court has the power to grant to Bonewicz. Rule 69(a)(1) of the Federal

Rules of Civil Procedure provides that state law generally applies in supplementary proceedings in federal court:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed.R.Civ.P. 69(a)(1). In <u>Wolf-Lillie v. Sonquist</u>, 699 F. 2d 864, 873 (7th Cir. 1983), the Seventh Circuit held that the district court should have used the procedure set forth in Wisconsin state law to direct satisfaction of the judgment.

In Illinois, Section 12-183 of the Code of Civil Procedure governs satisfactions of judgment. 735 ILCS 5/12-183 (West. 2012). Section 12-183 provides, in relevant part, as follows:

> (a) Every judgment creditor, . . . having received full satisfaction or payment of all such sums of money as are really due to him or her from the judgment debtor on any judgment rendered in a court shall, at the request of the judgment debtor or his or her legal representative, execute and deliver to the judgment debtor or his or her legal representative, an instrument in writing releasing

> such judgment.
>
> (b) If the judgment creditor . . . wilfully fails or refuses, at the request of the judgment debtor or his or her legal representative to execute and deliver to the judgment debtor or his or her legal representative an instrument in writing releasing such judgment, the judgment debtor may petition the court in which such judgment is of record, making tender therewith to the court of all sums due in principal and interest on such judgment for the use of the judgment creditor, his or her executors, administrators or assigns, whereupon the court shall enter an order satisfying the judgment and releasing all liens based on such judgment.

735 ILCS 5/12-183(a), (b).  Here, Kaylor-Trent has refused to file a satisfaction of judgment so § 12-183(a) does not apply.  As for § 12-183(b), Bonewicz has purportedly paid the money it owes so there are presumably no funds for Bonewicz to tender to the Court, which would allow the Court to enter the satisfaction of judgment.  Therefore, when the parties address the one cent discrepancy and whether any interest is owed, they shall also address whether this Court has the power to enter a satisfaction of judgment upon finding the judgment satisfied or whether the Court must direct Kaylor-Trent to file a satisfaction of judgment.

## III.  CONCLUSION

For the reasons stated, Plaintiff Stephanie Kaylor-Trent's Motion for Writ of Execution (d/e 42) and Defendant John C. Bonewicz, P.C.'s Motion for Entry of Satisfaction of Judgment (d/e 41) are TAKEN UNDER ADVISEMENT.  While the Court finds that Bonewicz is entitled to credit toward the federal judgment for the $7,346.08 turned over on Kaylor-Trent's behalf pursuant to a state court order, the parties shall address the one cent discrepancy between what Bonewicz paid and the judgment, whether any outstanding interest is owed, and the type of relief the Court has the power to grant Bonewicz in the event the Court finds the judgment satisfied.  Therefore, the parties shall each file, on or before March 20, 2013, a memorandum addressing the issues identified in this Opinion.

ENTER: March 13, 2013

FOR THE COURT:

                                                  s/Sue E. Myerscough
                                                  SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE